368 So.2d 891 (1979)
Carlton E. MILLER, d/b/a Miller Painting, Appellant,
v.
KNOB CONSTRUCTION COMPANY, a Florida Corporation, and American States Insurance Company, a Foreign Corporation, Appellees.
No. 78-877.
District Court of Appeal of Florida, Second District.
February 14, 1979.
Rehearing Denied March 21, 1979.
*892 Thomas M. Harris of Harris, Harris & Andrews, P.A., St. Petersburg, for appellant.
Hugh E. Reams and Richard A. Schlosser of Goldner, Reams, Marger, Davis, Piper & Kiernan, P.A., St. Petersburg, for appellee Knob Construction Co.
GRIMES, Chief Judge.
This is an appeal from a final summary judgment which held that appellant's claim for $3,875 under an alleged contract with appellee was barred by the one-year statute of limitations in Section 255.05, Florida Statutes (1975).[1]
Appellant's (Miller) complaint alleged that appellee (Knob), the prime contractor for the construction of a sewage lift station for the City of Pinellas Park, had agreed to pay Miller to correct some defective work done by another subcontractor on that job. Miller joined American States Insurance Company (American) as a defendant, alleging that as the insurer of the "defective" subcontractor, American had also agreed to pay him for the repair work. American cross-claimed against Knob for indemnification and alleged that it had paid Knob $6,326.03 in full settlement of the damages done by its insured. A summary judgment exonerated American from liability to Miller, and this judgment was not appealed. Later, the court entered summary judgment in favor of Knob because Miller's suit was filed more than one year after the completion of the work.
Section 255.05(1) provides that any person entering into a contract with a public body for the construction of public projects is required to execute a performance and payment bond with an authorized surety conditioned on the contractor's proper performance of the contract and prompt payment to all persons supplying him labor, materials or supplies used directly or indirectly by him for the prosecution of the work provided for in the contract. Section 255.05(2) includes a limitation provision which reads:
No action or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after 1 year from the performance of the labor or completion of delivery of the materials and supplies. (Emphasis supplied.)
Miller asserts that because his complaint is not based upon the bond required by the statute but is simply an action ex contractu, the one-year limitation does not apply.[2] Knob, on the other hand, argues from the wording of the statute that the use of the disjunctive "or" between the phrases "against the contractor" and "against the surety" necessarily makes the term "on the bond required in this section" modify only "surety."
We doubt if the language quoted above is so clear as to make it unnecessary to consider the legislative intent behind the passage of Section 255.05. This section is *893 intended to prove subcontractors and materialmen on public work projects with the same type of protection which is available to subcontractors and materialmen on private construction projects under the Mechanics' Lien Law. Winchester v. State, 134 So.2d 826 (Fla.2d DCA 1962). In the private sector, the failure to perfect a mechanic's lien does not affect any other remedy which a subcontractor might have against the prime contractor. Section 713.30, Florida Statutes (1975). No reason comes to mind why the character of the project  government ownership  should make any difference in this respect. Section 255.05 was designed to assist subcontractors and materialmen who lack privity with the prime contractor or the owner and who cannot obtain a lien because of the public nature of the project. We do not believe that by including a one-year limitation provision within the body of Section 255.05, the legislature intended to lessen the protection already available to subcontractors and materialmen who enjoy privity of contract with the prime contractor.
Section 255.05 was patterned after the federal statute known as the Miller Act. 40 U.S.C.A. § 270a et seq. (West 1969). In Warrior Constructors, Inc. v. Harders, Inc., 387 F.2d 727 (5th Cir.1967), the court observed that the Miller Act was not intended to protect the contractor required to furnish the bond. The same could be said of our version of the Miller Act. To construe subsection (2) as a general statute of limitation on actions against public works contractors would have the effect of providing a special benefit to contractors at the expense of their subcontractors and materialmen.
In Southwest Florida Water Management District v. Miller Construction Co., 355 So.2d 1258 (Fla.2d DCA 1978), this court held that the one-year limitation period in Section 255.05 did not apply to a suit on a performance bond given by the prime contractor on a public work project. We reached this conclusion after a determination that the bond in question was a common law obligation rather than the statutory bond described in subsection (1). Implicit in our decision is the notion that the terms of subsection (2) apply only to actions initiated under subsection (1) and are not intended to restrict other statutory and common law remedies.
Thus, we hold that the one-year limitation in subsection (2) applies only to a plaintiff asserting a claim on the bond required by subsection (1). Because Miller's complaint is grounded entirely upon the allegation of a contract between himself and Knob and does not allege any claim under Section 255.05, the general statute of limitations pertaining to suits on contracts applies. The summary judgment in favor of Knob is reversed, and the case is remanded for further proceedings.
SCHEB and RYDER, JJ., concur.
NOTES
[1] This section has been modified effective January 1, 1978. See Ch. 77-81, Laws of Florida. Section 255.05, Florida Statutes (1977), reflects the change.
[2] We shall assume for the sake of argument that Miller's corrective work would have been public construction work within the scope of Section 255.05 for which Miller could have sued Knob's surety company had he properly complied with all of the requirements of statute.