## ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al. v TEST & BALANCE CORPORATION OF ORLANDO

### Case No. AP87-30

Ninth Judicial Circuit, Orange County

June 15, 1989

### APPEARANCES OF COUNSEL

**DeWitte Thompson,** for appellants.

**Ralph C. Losey,** for appellee.

### OPINION OF THE COURT

FREDERICK PFEIFFER, Circuit Judge.

### *MANDATE*

The Court with apologies for not being able to consider the only case under advisement sooner finds the facts as follows:

Plaintiff, Test and Blanace (hereafter T & B) was hired to test and balance an HVAC system for the HVAC subcontractor on the Seminole County Services Building Project. In accordance with Section

7

255.05, Florida Statutes, the general contractor, provided labor and materials and a bond from its surety, St. Paul. The general contractor required the HVAC subcontractor to obtain a bond, which it did from Defendant Balboa. The Balboa bond was exclusively for the benefit of the general contractor.

Following project completion, the HVAC subcontractor entered into bankruptcy proceedings and failed to pay T & B. T & B filed suit against the general contractor and its surety. General contractor and general contractor surety denied liability based upon T & B's alleged failure to give notice within 90 days after performance of labor or services as required in Section 255.05, F.S. The HVAC subcontractor's surety denied liability to T & V based on the fact that the bond was exclusively for the benefit of the general contractor.

The parties stipulated that the only factual matter for determination by the trial court was the question of when T & B last provided any labor on the project for purposes of calculating the 90 day notice period in Section 255.05. The trial court found the date of last service provided by T & B for this purpose of October 25, 1984 (within the 90 day period).

## ISSUE

WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT PLAINTIFF'S/APPELLEE'S LAST VISIT TO THE PROJECT SITE ON OCTOBER 25, 2984 CONSTITUTES "PERFORMANCE OF LABOR" WHICH WILL TOLL THE NOTICE REQUIREMENT SET FORTH IN SECTION 255.05, FLORIDA STATUTES?

Such work as will toll the 90 day period must be labor performed in prosecution of the claimant's original undertaking, which is performed in good faith, and which is necessary to performing the finished job. *Harrison v Keating,* 386 So.2d 822, 823 (4th DCA 1980). The activity by T & B which took place on October 25, 1984 was a follow-up inspection of the HVAC system used primarily to see whether the deficiencies previously identified by T & B had been corrected. Childers, T & B President testified that such follow-up inspections are required of all similar testing and balancing companies in the area and that this is an industry standard. (Trial Transcript, pp. 34-37, 42,-43, 51-53). The testimony of Appellant's own witness, Harold Myhand, confirmed that follow-up testing is an essential park of T & B's work, and is required by the owner for a completed job. (Id. p. 66). Based on this testimony the trial court could have reasonably found that the follow-up inspection was "necessary."

8

Appellants also argue that the amount of the labor was so small and insignificant that it should not be considered. However, as Appellees correctly point out, the issue of whether final work, which was minor in nature, qualified as last day of work for purposes of tolling the notice period, has been considered in Florida case law. In *Clutter Construction Company v Baker Brothers,* 168 So.2d 576 (Fla. 1st DCA 1964), the court upheld the trial court's determination that the mere furnishing of three drill bits to a subcontractor's foreman less than 60 days from a prior delivery was the last furnishing of work for purposes of notice under the statute.

Based upon the *Clutter* decision and the testimony regarding the necessity of the follow-up inspection, the trial court's determination that the date of the follow-up inspection was the date from which the 90 day notice period should begin was a reasonable one. Trial court findings should not be disturbed unless it is shown that there is a total lack of substantial evidence to support the trial judge's conclusion.

Appellants also raise issues of standing in spite of the fact that the parties stipulated that if the trial court found that October 25, 1984 was T & B's last work day for purposes of the notice period, the secondary issue of T & B's standing to sue on the Balboa bond would not be reached. The parties are confined on appeal to the points which were actually raised and determined by the trial court. Therefore, Appellants may not now raise as an issue in this appeal the question of T & B's standing to sue on the Balboa bond, or the propriety of entry of judgment against all Defendants. Since there was substantial evidence to support the Trial Court's finding, the Final Judgment should be affirmed.

THEREFORE IT IS ORDERED AND ADJUDGED THAT:

1. The Judgment of the County Court is hereby affirmed.

2. No re-hearing shall be granted.

3. Appellees request for attorney fees for costs incurred on this appeal based on Section 627.756 Florida Statutes (1987) is granted in that Section 627.756 states Section 627.428 applies to suits brought by owners, subcontractors, laborers and materialmen against a surety insurer under payment or performance bonds written by the insurer under the laws of this state to indemnify against pecuniary loss by breach of a building or construction contract. Owner, subcontractors, laborers, and materialmen shall be deemed to be insured or beneficiaries for purposes of this section.

4. This case is remanded to the county court for determination of fees.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 15th day of June, 1989.