WENTWORTH, Judge.
Appellant seeks review of an order which granted summary judgment in favor of ap-pellee on the ground that appellant’s action against appellee was barred by the statute of limitations. We find appellant’s action was filed after the limitations period had expired and affirm.
Appellant entered a subcontract with Le-ware Construction Company in early 1984 to provide asphalt work on a road construction project located in Leon County. All of the parties involved in this appeal stipulate that appellant last performed work on the project in November 1985. After that date, Florida Star Paving was brought in also to provide asphalt work on the project, and *327 there is a dispute as to whether this work was work that should have been performed by appellant under the contract. Florida Star Paving completed its work at the same time that the entire project was completed in September 1986. When appellant received payment for the work performed under the subcontract, the amount paid to Florida Star Paving had been deducted from the total paid to appellant.
Appellant filed an action against the general contractor under the construction bond in April 1987. Federal Insurance Company (FIC), the surety on the general contractor’s bond, was subsequently named as a defendant in an amended complaint. FIC filed a motion for summary judgment, asserting that because more than a year had lapsed between the date of appellant’s last performance on the project and the date on which appellant filed suit under the bond, the statute of limitations barred the action. This motion for summary judgment was granted.
Section 255.05(2), Florida Statutes, provides: “No action shall be instituted against the contractor or the surety on the bond after one year from the performance of the labor or completion of delivery of the materials or supplies.” This section is intended to provide “subcontractors and material men on public work projects with the same type of protection which is available to subcontractors and material men on private construction projects under the mechanics lien law ... Section 255.05 was patterned after the federal statute known as the Miller Act.” Miller v. Knob Construction Co., 368 So.2d 891, 893 (Fla. 2d DCA 1979). The courts of this state have looked to the federal Miller Act for guidance in resolving ambiguities in this section. Blosam Contractors, Inc. v. Joyce, 451 So.2d 545, 548 (Fla. 2d DCA 1984). The Miller Act, like section 255.05, contains a provision limiting when a suit can be instituted by a subcontractor: “[N]o such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him.” 40 U.S.C. s. 270b(b).
Section 255.05(2) specifies that the one year limitations period begins to run when the performance of the labor or delivery of the materials or supplies has been completed. Appellant argues that the phrase “the performance of the labor” refers to the completion of all labor on the project and not just the labor provided by the subcontractor claiming against the bond. However, in looking to the federal law for guidance in interpreting the statute, it is clear that the one year limitations period contained in section 255.05(2) commences running against a claimant such as appellant on the date on which that claimant has completed performance of his part of the labor on the project. See 40 U.S.C. s. 270b(b). We are referred to no authority which would attribute to appellant the work supplied by Florida Star Paving or which would establish Florida Star Paving’s date of last performance as the date upon which the limitations period commenced running against appellant.
Although there is language in Northwestern, Inc. v. Ward Land Clearing & Drainage, Inc., 500 So.2d 615 (Fla. 1st DCA 1986), indicating that an action against the surety must be brought within one year after the owner of a project accepts the entire project as complete, the issue of whether the limitations period commenced running at an earlier point against a subcontractor for actions under the payment bond was not before the court in that case. We concluded only that the subcontractor’s entitlement to an attorney’s fee in that case was barred because the action was instituted more than one year after completion of the entire construction project.
We find that section 255.05(2) specifies a clear date upon which the limitations period began to run against appellant for this action against the construction bond. Because appellant’s action was filed more than one year after appellant last performed work on the road project in question, the cause is barred.
Affirmed.
SMITH and JOANOS, JJ., concur.