565 So.2d 861 (1990)
MORETRENCH AMERICAN CORPORATION, Appellant,
v.
TAYLOR WOODROW CONSTRUCTION CORPORATION and American Home Assurance Company, Appellee.
No. 89-03058.
District Court of Appeal of Florida, Second District.
August 10, 1990.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellant.
J. Frazier Carraway and E. Jeanne Maguire of Stagg, Hardy, Ferguson, Murnaghan & Mathews, P.A., Tampa, for appellees.
*862 LEHAN, Judge.
In this suit against a general contractor and its surety for a debt owed for the rental of equipment furnished by appellant to a subcontractor on the job we affirm the trial court's dismissal with prejudice of count one of appellant's complaint which sought recovery against the surety. The appellant's notice to the general contractor of delivery of the equipment and of nonpayment therefor was not delivered to the general contractor within 90 days after the delivery of the equipment as required by section 255.05(2), Florida Statutes (1987). That section provides in relevant part that such notice shall be delivered "within 90 days... after complete delivery of materials... ." Equipment provided under a rental agreement is for present purposes "materials." See § 713.01(6), Fla. Stat. (1987).
Appellant contends that the 90 day period did not begin until the last day of the availibility for use of the equipment on the job. Appellant argues persuasively that to interpret the "complete delivery" language of section 255.05(2) otherwise regarding rental equipment would result in an anomalous situation in which in some instances materialmen furnishing rental equipment would not only have to send notices of nonpayment before they knew if their equipment had been used but also would have to do so before they had even billed for that use. However, while we agree that in particular situations the statute would seem to require the sending of a notice of nonpayment before payment was actually due, that does not appear to have been the situation in this case, nor does appellant contend that it was.
Appellant cites as support for its foregoing contention cases decided under the Miller Act, 40 U.S.C. § 270b, e.g., United States ex rel. Carter-Schneider-Nelson, Inc. v. Campbell, 293 F.2d 816 (9th Cir.1961), cert. denied, 368 U.S. 987, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962); United States for the Use of SGB Universal Builders Supply, Inc. v. Fidelity & Deposit Company of Maryland, 475 F. Supp. 672 (E.D.N.Y. 1979). However, the pertinent language in the Miller Act which was dealt with in those cases was significantly different. That language required that the notice be given "within ninety days from the date on which such person ... furnished or supplied the last of the material for which such claim is made." 293 F.2d at 820; 475 F. Supp. at 673. While it may be rationalized that rental equipment delivered to a job was last "furnished or supplied" on the day it was last available for use on that job, we can conceive of no way validly to rationalize that its delivery was later than the time it was delivered, i.e., was placed at the job site.
We must agree with appellee that the foregoing portion of section 255.05(2) is clear and unambiguous and requires the result reached by the trial court. However wise it would appear to be to adopt the 90 day period argued for by appellant, the legislature has not done so. It is not the function of the courts to engraft an exception onto a clear and unambiguous statutory provision. "It is neither the function nor prerogative of the courts to speculate on constructions more or less reasonable, when the language itself conveys an unequivocal meaning." Heredia v. Allstate Insurance Co., 358 So.2d 1353, 1355 (Fla. 1978), as quoted in City of St. Petersburg v. Clark, 492 So.2d 685 (Fla. 2d DCA 1986). "A court's employment of perceived rationality and sensibleness as a guide to ascertaining legislative intent ... is in contrast to a situation where there is a clear manifestation of legislative intent which may not lead to what a court perceives to be a wise result." Nationwide Property & Casualty Insurance Co. v. Marchesano, 482 So.2d 422, 426 n. 2 (Fla. 2d DCA 1986). See also Dubrian v. Allstate Indemnity Co., 538 So.2d 151, 152 (Fla. 2d DCA 1989); Pfeiffer v. City of Tampa, 470 So.2d 10, 17 (Fla. 2d DCA 1985).
Affirmed.
RYDER, A.C.J., and CLAIRE K. LUTEN, Associate Judge, concur.