WENTWORTH, Senior Judge.
This is an appeal from a summary judgment for appellees holding that section 255.05, Florida Statutes, requires that notice of nonpayment be given within 90 days from last physical delivery of rental equipment, rather than from last use of the rental equipment, for purposes of recovery under the public construction payment bond. We reverse and certify conflict with Moretrench American Corporation v. Taylor Woodrow Construction Corporation, 565 So.2d 861 (Fla. 2d DCA 1990).
In November, 1988, appellee Taylor Woodrow contracted with the City of Jacksonville to build the Jacksonville Pre-Trial Detention Facility. Pursuant to section 255.05, Florida Statutes, Woodrow posted a statutory bond issued by appellee American Home Assurance Company. Woodrow subcontracted some of the work to appellee Ross Company. Ross then entered into a contract with appellant Burke Company by which Burke agreed to rent to Ross certain equipment to be used by Ross in performing under its agreements with Taylor Woodrow.
On December 22, 1988, within 45 days of commencing performance under its contract (as required under section 255.05(2), Florida Statutes), Burke furnished Woodrow with notice of intent to look to the bond for payment. Appellant last deliv *383 ered additional rental equipment to the project on June 26, 1989. All or a portion of appellant’s equipment remained on the job available for use by the contractor through and until July 19, 1989. Within 90 days of July 19, 1989, appellant Burke provided appellees Taylor Woodrow and American Home Assurance Company with notice of nonpayment. Appellant’s notice of nonpayment was delivered within 90 days of the last date of use of its rental equipment on the project but not within 90 days of its last delivery of additional rental equipment.
Appellant instituted the action below in an effort to recover against the bond by filing a complaint alleging nonpayment by appellee Ross. The circuit court granted defendants/appellees motion for summary judgment on November 5, 1990. The court explained the basis for its decision:
The Second District Court of Appeal has recently addressed a similar situation involving rental equipment in Moretrench American Corp. v. Taylor Woodrow Construction Corp., 565 So.2d 861 (Fla. 2d DCA 1990) and found that the “complete delivery” language of § 255.05(2) meant the last day the equipment was physically delivered to the job site and declined to adopt the appellant’s contention that the 90-day period did not begin until the last day of the availability for use of the equipment on the job. As of the date of this order, no other district court of appeal has addressed this question and, therefore, this Court must follow that holding.
We recognize, as noted in opinions such as Streeter v. Sullivan, 509 So.2d 268 (Fla.1987), that “[ijnquiry into legislative intent may begin only where the statute is ambiguous on its face.” Id. at 271, citing State v. Egan, 287 So.2d 1, 4 (Fla.1973). Streeter went on to state, however, that where statutory provisions are “even slightly ambiguous, an examination of legislative history and statutory construction principles would be necessary.” Id. at 271. The threshold question presented, then, is whether section 255.05, Florida Statutes is facially ambiguous.
The relevant portions of the statute state:
Such bond shall be conditioned that the contractor perform the contract in the time and manner prescribed in the contract and promptly make payments to all persons defined in s.713.01 whose claims derive directly or indirectly from the prosecution of the work provided for in the contract.
Section 255.05(l)(a), Florida Statutes, (1989).
A claimant who is not in privity with the contractor and who has not received payment for his labor, materials, or supplies shall, within 90 days after performance of the labor or after complete delivery of the materials or supplies, deliver to the contractor and to the surety written notice of the performance of the labor or delivery of the materials or supplies and of the nonpayment.
Section 255.05(2), Florida Statutes, (1989) (emphasis added).
Prior to Moretreneh, supra, the second district court was called on to construe a different portion of section 255.05(2), and opined:
This section [255.05(2)] is intended to [provide] subcontractors and material-men on public work projects with the same type of protection which is available to subcontractors and materialmen on private projects under the Mechanics’ Lien Law.
Miller v. Knob Construction Company, 368 So.2d 891 (Fla. 2d DCA 1979) at 893, citing Winchester v. State, 134 So.2d 826 (Fla. 2d DCA 1962). In Miller, therefore, if only in dicta, the court suggests that section 255.05 should be read in pari mate-ria with section 713.01, the Mechanics’ Lien Law, the position rejected by the Mor-etrench court as unnecessary because of the clarity of section 255.05.
In Gergora v. R.L. Lapp Forming, Inc., 619 F.2d 387 (5th Cir.1980), the court noted that:
Section 255.05 states that notice must be within ninety days of “complete delivery” of materials, whereas the statute refers only to the “performance” of labor — and not complete performance — as beginning the ninety day period.
*384 We regard this variation in phraseology within the same statute as more ambiguous than meaningful. The statute is subject to at least two reasonable interpretations. Either the qualification that delivery of materials must be “complete” creates a different rule for severable material contracts than for severable labor contracts, or it merely emphasizes that materials must be delivered to the construction site ready for use before the period begins to run.
Id. at 389.
Thus, in Gergora, the Fifth Circuit construed section 255.05 according to similar language in the Miller Act, 40 U.S.C. section 270b, rejecting the contention that the notice period for unpaid fringe benefits ran separately from each day of the labor upon which the claim was based.
Appellee cites Harvesters Group, Inc. v. Westinghouse Electric Corporation, 527 So.2d 257 (Fla. 3d DCA 1988) for the proposition that the notice provision of section 255.05(2) is plain and unambiguous. While Harvesters surely holds the notice provision unambiguous, that case dealt with materials purchased, not leased. In Harvesters, the supplier, Westinghouse, made a number of deliveries of purchased materials during 1983. Westinghouse also sent notices of nonpayment for these materials, the last being sent on Oct. 26, 1983. Both parties stipulated, however, that Westinghouse delivered additional materials to the project subsequent to October 26, 1983. The court held that the notices of nonpayment were premature, and not in compliance with the notice provision of the statute which requires that the notice must be delivered after delivery of materials is complete. Id. at 259. Because of the factual dissimilarities, the decision in Harvesters is inapposite. Yet, when faced with the question whether replacement parts for the previously delivered materials should be considered one in the series of previous deliveries, the Harvesters’ court looked to the Florida Mechanics’ Lien Law for guidance, pointing out that the Mechanics' Lien Law aids in construing provisions of section 255.05. Id. at 259, n. 4.
The difficulty in applying the notice provision of section 255.05(2) to a contract for rental of equipment lies in the character of the rental contract. Because the equipment itself is “material,” one might be misled to treat the equipment the same as purchased materials for purposes of the notice provision. But with purchased materials, the date payment is due will generally be the date of delivery. Because a rental contract extends over time, and is severable by nature, it actually parallels more closely a contract for labor or services, which does not trigger the 90 day notice provision until the last of the labor is performed.
Because of the severable nature of the rental contract and the express provision of section 255.05(2), supra, for notice “after complete delivery of material” (e.s.), as well as the incongruity of the result under an opposing rationale, we conclude that in the case of rental contracts the term “materials” is sufficiently ambiguous to permit our consideration of the greater specificity in section 713.01(6), Florida Statutes, which states clearly that “materials” in its analogous context:
includes supplying tools, appliances, or machinery ... to the extent of the reasonable rental value for the period of actual use....
Viewing the “materials” delivered under a rental contract to reference each period of actual use, as opposed to the physical equipment itself which is never “delivered” over to the user in the sense of delivery to a buyer, we find “complete delivery” in section 255.05(2) requires reversal in the present case.
In effect, Moretrench limits the protection of the payment bond, with respect to suppliers of rental equipment, to a period of ninety days only. Whether this result was intended by the legislature is certainly questionable, and in our view it is an unnecessary result under the statutory language. A number of courts, including this one, have had occasion to examine the public policy considerations that come into play in construing section 255.05. In Clutter Construction Corporation v. Baker Bros., *385 168 So.2d 576 (Fla. 1st DCA 1964) this court stated:
we must and do assume that the members of the State Legislature in framing and enacting such legislation have done so with the intention that the laws will operate fairly as to all of the economic groups involved, as well as to the general public. Accordingly, in construing the said provisions of Sec. 255.05, we assume that the Legislature in enacting them intended to provide a procedure that would protect the materialman and subcontractor, as well as the general contractor, the owner, and the public.
Id. at 578.
More recently, in American Casualty Co. v. Coastal Caisson Drill Co., 542 So.2d 957, 958 (Fla.1989), approving 523 So.2d 791 (Fla. 2d DCA 1988), the Florida Supreme Court articulated the public benefit conferred through operation of the payment bond:
Besides being in the public’s financial interest, keeping subcontractors secure also lessens the risk of delay caused by litigation.
Id. at 958.
The same rationale should hold for materi-almen.
The statute is designed to assure that the work is actually performed in accordance with and at the contract price.
3 S. Rakusin, Florida Mechanics’ Lien Manual, sec. 29.02(B).
Applying the above policy principles to the present facts, it might be persuasively argued that application of the Moretrench holding would tend to encourage material-men who rent construction equipment to abandon governmental projects whenever nonpayment occurs more than ninety days from the date of delivery of the equipment. The arguable result would be delay and added expense, which the statute seeks to prevent.
This court, in construing the statute of limitations provision of the statute, recently adopted the position of the Miller court, stating:
This section [255.05(2)] is intended to provide subcontractors and materialmen on public work projects with the same type of protection which is available to subcontractors and materialmen on private projects under the Mechanics’ Lien Law.
Hammet Company, Inc. v. Federal Insurance Co., 560 So.2d 326, 327 (Fla. 1st DCA 1990), citing Miller v. Knob Construction Co., 368 So.2d 891, 893 (Fla. 2d DCA 1990).
We find it appropriate to consider the cited decisions under the Florida Mechanics’ Lien Law for guidance in construing section 255.05(2), Florida Statutes. The result indicated is to allow claims against the payment bond, with the ninety day notice period beginning to run from the last date of actual use of the rental equipment on the public project.
The final summary judgment is reversed and the cause remanded for further consistent proceedings.
Pursuant to FIa.App. Rule 9.030(a)(2)(A)(iv), we certify conflict with the decision in Moretrench American Corporation v. Taylor Woodrow Construction Corporation, 565 So.2d 861 (Fla. 2d DCA 1990).
JOANOS, C.J. and WOLF, J., concur.