606 So.2d 1154 (1992)
TAYLOR WOODROW CONSTRUCTION CORP., etc., et al., Petitioners,
v.
The BURKE CO., etc., Respondent.
No. 78880.
Supreme Court of Florida.
September 17, 1992.
Rehearing Denied October 3, 1992.
Margaret D. Mathews and J. Frazier Carraway of Stagg, Hardy, Ferguson, Murnaghan & Mathews, P.A., Tampa, for petitioner.
Charles V. Choyce, Jr. of Rumberger, Kirk, Caldwell & Wechsler, P.A., Orlando, and Stephen A. Hould of Jensen & Hould, Jacksonville, for respondent.
Peter M. Cardillo, Daniel J. Weidmann and John W. Wilcox of Rudnick & Wolfe, Tampa, amicus curiae for Cone Constructors, Inc.
Robert B. Worman, Orlando, amicus curiae for Essex Crane Rental Corp.
HARDING, Justice.
We have for review Burke Co. v. Bruce M. Ross Co., 585 So.2d 382 (Fla. 1st DCA 1991), based upon certified direct conflict with Moretrench American Corp. v. Taylor Woodrow Construction Corp., 565 So.2d 861 (Fla. 2d DCA 1990). We have jurisdiction based on article V, section 3(b)(4) of the Florida Constitution.
The issue here is whether section 255.05(2), Florida Statutes (1989), requires a supplier of rental equipment, who is not in privity with the contractor, to provide notice of nonpayment within ninety days from last use of the rental equipment, or within ninety days from the last physical delivery of rental equipment to the job site. We hold that section 255.05(2) is clear on its face and requires a claimant to give notice within ninety days of the last physical delivery of rental equipment.
*1155 In November 1988, Taylor Woodrow Construction Corporation (Taylor Woodrow) contracted with the City of Jacksonville to build a pretrial detention facility. Pursuant to section 255.05, Taylor Woodrow posted a statutory bond issued by American Home Assurance Company. Taylor Woodrow subsequently subcontracted a portion of the work to The Bruce M. Ross Company (Ross). Ross in turn entered into an equipment rental contract with The Burke Company (Burke), in which Burke agreed to rent Ross equipment to be used in the building of the pretrial detention center.
Burke furnished Taylor Woodrow with a notice of intent to look to the bond for payment on December 22, 1988, pursuant to section 255.05(2). Section 255.05(2) requires that notice to seek payment from the bond be given within forty-five days of commencing performance. By June 26, 1989, Burke delivered the last piece of rental equipment to the job site. The equipment remained on the job site until July 19, 1989. On October 10, 1989, Burke gave Taylor Woodrow and American Home Assurance Company notice of nonpayment. This notice of nonpayment came within 90 days of the last date of the subcontractor's use of the rental equipment on the project, but 106 days from the last delivery of additional rental equipment to the job site.
Seeking reimbursement from the bond, Burke filed a complaint alleging nonpayment by Ross. The trial court granted Taylor Woodrow's motion for summary judgment based on the Second District Court of Appeal's holding in Moretrench. In Moretrench, the district court found that the "completed delivery" language of section 255.05(2) is clear on its face and obligates the supplier to provide notice within ninety days from the last day the rental equipment is physically delivered to the job site. Applying Moretrench, the trial court concluded that Burke's notice failed because it occurred more than ninety days after the last physical delivery of the rental equipment. On appeal, the First District Court of Appeal found section 255.05(2) to be ambiguous and reversed the summary judgment. The district court read section 255.05(2) in pari materia with Florida's Mechanics' Lien Law,[1] and concluded that the notice period commenced on the last date of actual use of the rental equipment.
The leading rule of statutory construction provides that the legislature's intent is found in the plain language of the statute. St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla. 1982); see also Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879, 882 (Fla. 1983). The court should look to legislative history only if the court determines that a statute's language is ambiguous. Department of Legal Affairs, 434 So.2d at 882. Thus, the threshold question presented in this case is whether section 255.05(2) is clear on its face.
Section 255.05(2) provides in relevant part:
A claimant who is not in privity with the contractor and who has not received payment for his labor, materials, or supplies shall, within 90 days after performance of the labor or after complete delivery of the materials or supplies, deliver to the contractor and to the surety written notice of the performance of the labor or delivery of the materials or supplies and of the nonpayment.
Id. (emphasis added).
Burke argues that a literal construction of the statute in this case would produce a hardship on rental suppliers that the legislature could not have intended. Burke contends that the statute is essentially remedial in nature, and thus, it should not be interpreted literally to produce a result that limits a supplier's protection under the payment bond to a period of ninety days only. Thus, Burke concludes that the legislative purpose is best served by construing section 255.05(2) in such a manner as to avoid an unnecessary hardship to the supplier.
Because section 255.05(2) is clear on its face, this Court must construe the words chosen by the legislature in their plain and ordinary meaning. See Streeter *1156 v. Sullivan, 509 So.2d 268 (Fla. 1987). Where the statutory provision is clear and not unreasonable or illogical in its operation, the court may not go outside the statute to give it a different meaning. See Jones v. Utica Mutual Insurance Co., 463 So.2d 1153 (Fla. 1985).
We agree with the district court in Moretrench that the plain and ordinary definition of "complete delivery of materials" is the time that the materials are physically delivered or placed at the job site. The statute operates logically to provide suppliers with a clearly definable date from which notice must be given. Although the legislature may not have envisioned all of the situations in which suppliers would not be entitled to recover under the bond, the remedy for any dissatisfaction with the results in cases such as the instant case lies with the legislature and not with this Court.[2]
Thus, we hold that section 255.05(2) requires a supplier of rental equipment, who is not in privity with the contractor, to provide notice of nonpayment within ninety days from the last physical delivery of rental equipment to the public project. Accordingly, we approve the decision in Moretrench and quash the district court's decision below. We remand this case for proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents.
NOTES
[1] § 713.01, Fla. Stat. (1989).
[2] We note that the legislature has amended section 255.05(2), Florida Statutes (1989). Chapter 92-286, section 2, Laws of Florida, amended the statute to read:

A claimant who is not in privity with the contractor and who has not received payment ... shall ... with respect to rental equipment, within 90 days after the date that the rental equipment was last on the job site available for use, deliver to the contractor and to the surety written notice of the performance ... and of the nonpayment.