610 So.2d 692 (1992)
HORIZON HOSPITAL, Appellant,
v.
Chad WILLIAMS, By and Through his father and next friend, Jon Daniel WILLIAMS, Appellees.
No. 92-01407.
District Court of Appeal of Florida, Second District.
December 18, 1992.
Carleton L. Weidemeyer, Clearwater, and Dennis M. Lawler, Clearwater, for appellant.
Myron J. Mensh of Myron J. Mensh, P.A., St. Petersburg, and James C. Runyon *693 of James C. Runyon, P.A., St. Petersburg, for appellees.
CURRY, CHARLES B., Associate Judge.
Appellant, Horizon Hospital, challenges an order of release entered after the trial court granted appellee's petition for a writ of habeas corpus. Appellant contends that the trial court incorrectly interpreted sections 394.463(2)(c) and (d), Florida Statutes (1991), which concern the procedures for involuntary psychological examination. We agree and reverse.
After being involuntarily admitted to Horizon Hospital for a psychological examination, Chad Williams, by and through his father and next friend, petitioned for a writ of habeas corpus arguing that he should be released because the hospital had failed to file a petition for involuntary placement within 72 hours of appellee's entry into the facility. The trial court issued the writ and ordered appellee's release. In the order of release the trial court ruled that pursuant to sections 394.463(2)(c) and (d), Florida Statutes (1991), the hospital was required to execute and file the petition for involuntary placement within the 72 hour period.
Section 394.463(2)(c) provides that a patient may be detained at a receiving facility for involuntary examination "no longer than 72 hours." Section 394.463(2)(d)4 provides that "within the examination period ... [a] petition for involuntary placement shall be executed by the facility administrator when treatment is deemed necessary... ." The language of the statute is unambiguous and requires only that the petition for involuntary placement be executed within the 72 hour period. The trial court expressed concern that the filing could be unreasonably delayed if the statute were interpreted according to its plain language. However, no court is entitled to disregard the plain language of a statute in favor of what it deems to be a more reasonable construction. See Moretrench American Corp. v. Taylor Woodrow Construction Corp., 565 So.2d 861, 862 (Fla. 2d DCA 1990), approved sub nom., Taylor Woodrow Construction Corp. v. The Burke Company, 606 So.2d 1154 (Fla. 1992).
Reversed.
DANAHY, A.C.J., and FRANK, J., concur.