Tennessee Farmers' Mutual Insurance Company,
Plaintiff-in-Error,

*v.*

Gary Wayne Rader et al., Defendants-in-Error.

410 S.W.2d 171.

(*Knoxville,* September Term, 1966.)

Opinion filed December 14, 1966.

William H. Inman, of counsel, Taylor, Inman, Tilson
& Line, Morristown, for plaintiff in error.

H. R. Silvers, of counsel, Milligan, Silvers & Coleman, Greeneville, for defendants in error.

Mr. Justice Chattin delivered the opinion of the Court.

Gary Wayne Rader, a minor, resided with his parents, Mr. and Mrs. Paul Rader, in Greene County, Tennessee, on August 20, 1965. He owned an automobile at that time and was involved in an accident while driving the automobile with an automobile owned by Roy G. Bible and operated by Lynda Pearl Smith.

Prior to the accident, the Tennessee Farmers' Mutual Insurance Company had issued to Gary an automobile liability policy which afforded medical payments up to $500.00 to or for him, his relatives or any other person occupying the automobile, who sustained bodily injuries caused by an accident.

As a result of the accident, Gary suffered personal injuries and medical expenses of $366.30. He asserted a claim against Bible and Smith for personal injuries, property damages and loss of wages. His father asserted a claim against the same defendants for loss of services and medical expenses.

Tennessee Farmers' Mutual Insurance Company paid to Gary and Mr. and Mrs. Paul Rader the sum of $366.30, the amount of the medical expenses incurred by Gary, and notified all concerned that the Company claimed a right of subrogation against the owner and driver of the other automobile.

On October 27, 1965, Mr. and Mrs. Rader executed a subrogation agreement to the Insurance Company in consideration of the payment of the medical expenses to them. The pertinent part of that agreement is as follows:

"The undersigned covenants that no settlement has been made by the undersigned with any person, firm or corporation against whom a claim may lie, and no release has been given to anyone responsible for such loss, and that no such settlement will be made, nor release given without the written consent of the Company; and the undersigned covenants and agrees to cooperate fully with the said Company, to promptly present claim and, if necessary, to commence, enter into and prosecute suit against such person, firm or corporation through whose negligence the aforesaid loss occurred, or who may otherwise be responsible therefor, with all due diligence, in his, her, or their own name. In event any judgment is recovered by the undersigned on account of such accident and the Company is liable for all or any part thereof under the

above described policy, or any other policy, the judgment shall be fully satisfied upon the payment of the amount thereof less such amounts as the Company shall have paid to or for the undersigned pursuant to the provisions of the above described policy.''

The policy of insurance issued to Gary contained the following subrogation clause:

"Upon payment under this policy, the Company shall be subrogated to all of the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and do nothing to prejudice them.''

On December 18, 1965, a settlement of the claims of Gary and his father were effected for the sums of $1,000.00 and $500.00, respectively. The settlement was approved by the trial judge. The trial judge, in his order approving the settlement, provided that the clerk of the court would retain $366.30 of the $500.00 due Mr. Rader until the subrogation claim of the Tennessee Farmers' Mutual Insurance Company could be adjudicated.

The matter of subrogation was heard upon a stipulation of facts which embodied substantially the facts as we have outlined above.

The trial judge found the Tennessee Farmers' Insurance Company did not have a right to be subrogated to the funds on deposit in court, under and by virtue of the policy. Accordingly, he dismissed the claim of the Insurance Company.

The Insurance Company filed a motion for a new trial which was overruled. The Company has perfected an appeal to this Court and assigned as error the action of

the trial judge in finding the Insurance Company had no right of subrogation to the funds.

We think the assignment is good and must be sustained.

From reading the record it is evident the trial judge based his finding upon the subrogation clause of the insurance policy. That is, since the clause specifically subrogated the Company to the insured's (Gary Rader) rights, the Company had no right to be subrogated to the funds paid into court under the settlement agreement to satisfy Mr. Rader's claim for loss of services and medical expenses.

The trial judge obviously overlooked the subrogation agreement executed by Mr. Rader to the Insurance Company on October 27, 1965.

■■ Subrogation given by agreement or stipulation is known as conventional subrogation. *United States Fidelity & Guaranty Company v. Elam,* 198 Tenn. 194, 278 S.W.2d 693 (1955).

"In conventional subrogation the extent of the right is measured by the agreement for subrogation, and by the rights of the person granting the right." 83 C.J.S. Subrogation, sec. 4, page 587.

■ The Insurance Company paid Mr. Rader the medical expenses incurred by him due to the injuries his minor son suffered in the accident. In consideration of the payment, Mr. Rader executed the subrogation agreement whereby he agreed to indemnify the Company to the extent of the payment in the event he recovered from the tort-feasors.

In our opinion, the contract is valid and enforceable. To hold otherwise would permit Mr. Rader to collect the medical expenses twice; and, we would thereby sanction a right of unjust enrichment.

The judgment of the trial court is reversed and the cause remanded.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.