**Regina Ann PAGE by next friend, James Everett PAGE, Jr., and James Everett Page, Jr. and Virginia Lee Page, Plaintiffs-Appellees,**

**v.**

**Samuel Aron WILKINSON and Loretta T. Wilkinson as the heirs and next of kin of Jim Wilkinson, deceased, and Samuel A. Wilkinson, individually, Defendants-Appellants.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 29, 1983.

Certiorari Denied by
Supreme Court June 13, 1983.

Arthur E. McClellan, McClellan & Powers, P.C., Gallatin, for defendants-appellants.

James T. McMillen, Murfreesboro, for plaintiffs-appellees.

MATHERNE, Special Judge.

I.

While riding as a passenger in a pickup truck driven by Jim Wilkinson, deceased,

the minor plaintiff Regina Ann Page sustained personal injuries when the vehicle swerved from the road and crashed into a business establishment. The collision resulted in the death of the driver, Jim Wilkinson.

This lawsuit was filed by the minor's parents as next friend to recover $100,000.00 as damages due to personal injuries suffered by the minor, and by the parents individually to recover $50,000.00 as medical expenses incurred, loss of wages by the mother because she had to stay with the injured daughter and for loss of services. An Answer was filed denying any and all liability.

Tennessee Farmers Mutual Insurance Company (Tennessee Farmers) carried the insurance on the 1978 Chevrolet pickup truck involved in the accident which was owned by Samuel Aron Wilkinson, the father of the driver, Jim Wilkinson. Tennessee Farmers also carried the insurance on a 1977 Ford automobile owned by James E. Page, Jr., the father of the injured minor, Regina Ann Page.

On January 8, 1981, Tennessee Farmers paid to James E. Page, Jr., the sum of $350.00 and took an instrument titled "Medical Pay Receipt and Subrogation Agreement" signed by James Page and Virginia Page. On March 5, 1981, Tennessee Farmers paid to James E. Page, Jr. the sum of $5,000.00 and took an identical instrument, signed by James E. Page, Jr. These instruments do not show the policy under which either payment was made and there is no other proof in the record from which this fact could be established. However, both the plaintiffs and Tennessee Farmers, by brief in this court, state that the $350.00 payment was made under "Coverage C—Medical Payments" provisions of the Wilkinson policy; and that the $5,000.00 payment was made under the "Coverage C—Medical Payments" provisions of the Page policy, which amount was the maximum coverage for one person under the Page policy.

Thereafter on July 23, 1981, the Complaint was filed in this lawsuit, the Answer was filed on the same day. Shortly thereafter, the date not being legible, all parties plaintiff and all parties defendant, joined by Tennessee Farmers, filed a petition in the cause, titled: *Petition to Determine the Rights and Liabilities Under Policies of Insurance and to Approve Settlement of a Minor.*

It appears the parties had agreed to settle the claims of the minor plaintiff for $20,000.00 which was the limit of liability under the Wilkinson policy for bodily injury to one person. The joint petition sought approval by the court of this settlement which Tennessee Farmers agreed to pay. Tennessee Farmers, however, insisted in the petition that it should be credited for the $350.00 payment and the $5,000.00 payment because it was subrogated to the rights of the plaintiffs in those amounts. The plaintiffs disagreed and pointed out that the petition averred that they had incurred $13,433.32 medical expenses and that Tennessee Farmers was not entitled to subrogation until they had been made whole, citing: *Wimberly v. American Casualty Co. of Reading, Pa.,* (Tenn.1979) 584 S.W.2d 200.

The trial judge allowed Tennessee Farmers credit for the $350.00 paid under the Wilkinson policy and entered judgment for $19,650.00 as damages due the minor plaintiff. The trial judge refused to allow credit for the $5,000.00 payment under the Page policy, which holding is the basis of this appeal by Tennessee Farmers.

## II.

The terms of the Wilkinson policy and the Page policy to be here considered are identical. Those policies provide:

Section I—Liability and Medical Payments

Insuring Agreements

Coverage A—Bodily Injury Liability

Coverage B—Property Damage Liability

\*     \*     \*     \*     \*     \*

Coverage C—Medical Payments

To pay reasonable *medical expenses* incurred for services furnished within one year from the date of accident:

Division 1. to or for the first *person* named in the Declarations and, while *residents* of his household, his spouse and any *relative* of either who sustains *bodily injury,* caused by accident

(1) while *occupying* the *owned motor vehicle,* or

(2) through being struck by a *highway vehicle* while not *occupying* a *land motor vehicle.*

Division 2. to or for any other *person* who sustains *bodily injury* caused by accident, while *occupying* the *owned motor vehicle* is such vehicle is being used by an *insured;* provided that no such payment shall be made unless the *person* to or for whom such payment is made shall have executed a written agreement that the amount of such payment shall be applied toward the settlement of any claim, or the satisfaction of any judgment for *damages* entered in his favor, against any *insured* because of *bodily injury* arising out of any accident to which coverage A applies.

Policy Conditions

\*   \*   \*   \*   \*   \*

4. Subrogation.

Upon payment of any *loss* covered under this policy, the company shall be subrogated to all the *insured's* rights of recovery therefor and the *insured* shall do whatever is necessary to secure such rights and do nothing to prejudice them. Upon payment under coverage C of this policy the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured *person* or anyone receiving such payment may have against any *person* or organization and such *person* shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such *person* shall do nothing after *loss* to prejudice such rights.

The two "Medical Pay Receipt and Subrogation Agreement[s]" signed by the Page parents upon receipt of the payments made are identical, and provide in part, as follows:

In the event any judgment is recovered by the undersigned on account of such accident and the Company is liable for all or any part thereof under the above described policy, or any other policy, the judgment shall be fully satisfied upon the payment of the amount thereof less such amounts as the Company shall have paid to or for the undersigned pursuant to the provisions of the above described policy.

III.

Considering first the $350.00 payment which the parties agree was paid under the Wilkinson policy, we find that neither party objects to that payment being credited against the $20,000.00 judgment entered against the Wilkinsons, for which Tennessee Farmers is liable under the Wilkinson policy. We, therefore, will not further consider that payment and the credit allowed.

Looking now to the $5,000.00 payment which the parties agree was paid under the Page policy but not allowed as a credit against the judgment, we note that the joint petition filed by all parties provides that the medical expenses incurred on behalf of the minor exceed $13,433.32, and that the parents have received $11,717.20 from Travelers Insurance Company under a hospitalization policy with that company. The record further reveals that the medical pay limitation under the Wilkinson policy is $2,000.00.

This situation was dealt with in the case of *Tennessee Farmers Mutual Insurance Co. v. Rader,* (Tenn.1966) 410 S.W.2d 171, wherein the court considered policy provisions and subrogation agreements identical to those in the case at bar. In *Rader,* a minor was issued an automobile policy which included a $500.00 medical pay clause. The minor was injured in an automobile collision and the father incurred medical bills of $366.50 on behalf of the minor. The minor asserted his claims against the owner and driver of the other vehicle for damages due to personal inju-

ries, and the father asserted a claim against the same parties for medical expenses and loss of services. Tennessee Farmers paid the father $366.50 under the medical pay clause, and took from him a subrogation agreement identical to those signed by the Page parents in this lawsuit. The minor and the father settled their claims for $1,000.00 and $500.00 respectively. The trial judge approved the settlements, but held that Tennessee Farmers had no right of subrogation. On appeal the Supreme Court reversed and allowed subrogation to the extent of the $366.50 paid by Tennessee Farmers to the father. The court agreed with the trial court that the company had no right of subrogation under the subrogation clause of the policy. The reason being that the policy subrogated the company to the rights of the insured (the minor son) only, and the company had no right to the money paid into court to satisfy the claim of the father for medical expenses and loss of services.

However, the *Rader* court held that Tennessee Farmers was entitled to be subrogated under the terms of the subrogation contract signed by the father. The court held that the extent of the right of subrogation under the agreement is measured by the agreement for subrogation, and by the rights of the person granting the right. The father agreed to indemnify the company to the extent of the payment in the event the father recovered medical expenses from the tort-feasor. The agreement was valid and enforceable.

The case at bar differs from *Radar* in that here we do not have a payment made into Court by the tort-feasor for the father who signed the subrogation agreement. The father could not subrogate the rights of the minor for damages due to bodily injuries. The father could subrogate only his rights which was the right to recover from the tort-feasor for medical expenses incurred. Had the settlement in this lawsuit specified an amount to the father for medical expenses, the subrogation agreement signed by the father would have been enforceable by Tennessee Farmers up to the amount of $5,000.00. However, in the present situation the father has no right subject to the subrogation agreement to which Tennessee Farmers is entitled.

The judgment of the trial court is affirmed, and this cause is remanded to that court for the enforcement thereof. The cost in this court is adjudged against the defendants-appellants.

NEARN and SUMMERS, JJ., concur.