492 So.2d 685 (1986)
CITY OF ST. PETERSBURG, a Municipal Corporation, Appellant,
v.
Francis W. CLARK, Sr., As Trustee, Wallace Salley, Charlie C. Jones, Charlie Byrd, William Brown, Theodis Wright, Calvin Hicks, Jr., As Successor Trustees of Masonic Lodge No. 109, Jessie V. White, Frank Haley and O. Sanford Jasper, Appellees.
No. 85-2264.
District Court of Appeal of Florida, Second District.
June 20, 1986.
Rehearing Denied August 5, 1986.
Michael S. Davis, City Atty., Kim Streeter and William N. Drake, Jr., Asst. City Attys., St. Petersburg, for appellant.
H. Rex Owen and Bruce Crawford, of Owen & McCrory, St. Petersburg, for appellees.
LEHAN, Judge.
In this condemnation case the City of St. Petersburg appeals from a final judgment awarding appellees, as successor trustees of Masonic Lodge No. 109, $224,588.50 for the condemned property. The award was based upon a method of valuation contained in a resolution which had been adopted by the city council approximately one year earlier in connection with the city's negotiated purchases of several parcels from several churches in the same general area. The trial court's basis for requiring that valuation method in this case was his conclusion that the method which was used for the churches' properties could only have been justified without violations of constitutional provisions as to assisting in the establishment of religion and as to equal protection of the laws if it had been applicable to "all non-profit educational, religious, charitable or eleemosynary organizations within the area affected." For that reason the trial court deemed the resolution to have necessarily constituted a commitment to value all special use properties in that area like those of the churches and that of appellees according to the same method. We reverse.
We conclude that the resolution very clearly was adopted with reference only to the churches' properties. The trial court judicially converted the resolution into something it was not, i.e., a commitment to appellees. This was beyond the court's authority. "It is neither the function nor prerogative of the courts to speculate on constructions more or less reasonable, when the language itself conveys an unequivocal meaning." Heredia v. Allstate Insurance Co., 358 So.2d 1353, 1355 (Fla. 1978). See also Pfeiffer v. City of Tampa, 470 So.2d 10, 16, 17 (Fla. 2d DCA 1985).
In view of the status of the record before us and the nature of the contentions on appeal we need not and do not address the *686 method of valuation which should be used under the circumstances of this case.
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and CAMPBELL, J., concur.