510 So.2d 313 (1987)
Lawrence GRANT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-91, 85-93.
District Court of Appeal of Florida, Fourth District.
January 7, 1987.
*314 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant appeals his conviction and sentence, which we affirm. The guidelines scoresheet indicated a recommended range of nine to twelve years escalated to twelve to seventeen years by virtue of appellant's violation of probation. See Fla.R.Crim.P. 3.701(d)(14). The trial court departed from the sentencing guidelines and imposed a twenty-five-year sentence in the matter. In so doing, the court entered a written order delineating seven reasons for departure:
1. The victim, Mrs. Ethel Haines, was an eighty-seven year old widow who lived at home alone. Because of her age and condition, as viewed by this Court during her trial testimony, she was extremely vulnerable and helpless. See Davis v. State, 458 So.2d 42 (Fla. 4th D.C.A. 1984).
2. In fact, this traumatic experience has caused her to sell her home and live with her daughter-in-law in Ohio.
3. The Defendant, who had done yard work for Mrs. Haines in the past, gained her trust and then, aware of her age, condition and situation, he committed these crimes upon her.
4. The Defendant not only terrorized Mrs. Haines on July 10, 1984 with the sawed-off rifle, but he returned only two days later and robbed her again. See Manning v. State, 452 So.2d 136 (Fla. 1st D.C.A. 1984).
5. The Defendant threatened Mrs. Haines not to call the police or tell anyone. However, out of fear and desparation [sic] she called her son after the second robbery and pleaded for him to fly down and get her, but she wouldn't say why. Not until her son and daughter contacted the police themselves would she tell what had happened to her.
6. All of these facts corroborate the extreme vulnerability of the victim and the Defendant's disregard for that vulnerability.
7. Finally, the Defendant's truthfulness is extremely questionable, e.g. 1) that the sawed-off rifle, which was identified by Mrs. Haines and Willams's rule witness Mrs. Grace Warner after it was found in the Defendant's truck, was stolen from him several years prior to the robberies, and 2) that, with respect to his four prior felony convictions, he thought at the time that he was pleading not guilty instead of no contest.
We find reasons 1, 2, 3, 4, 5, and 6 to be "clear and convincing" valid reasons for departure. The fact that the victim was particularly vulnerable due to her advanced age and helpless condition is a valid reason for departure. Harris v. State, 482 So.2d 548 (Fla. 4th DCA 1986). Furthermore, the facts dictate that the emotional hardship on the victim support departure in this instance. Hankey v. State, 485 So.2d 827 (Fla. 1986). Even though fear or emotional trauma are inherent components of the crime of robbery, they were a proper basis for departing from the guidelines in the case sub judice because the victim's trauma was greater than that usually associated with a "simple robbery." Campos v. State, 488 So.2d 677 (Fla. 4th DCA 1986); Davis v. State, 458 So.2d 42 (Fla. 4th DCA *315 1984), decision approved, 477 So.2d 565 (Fla. 1985); cf. Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985), rev. denied, 476 So.2d 675 (Fla. 1985). The psychological trauma arose from extraordinary circumstances. See Casteel v. State, 498 So.2d 1249 (Fla. 1986). The defendant not only terrorized the victim with a sawed-off rifle on one occasion; he also returned two days later and robbed her again. Breach of trust constitutes a clear and convincing reason to justify departure in this instance, as well. Hankey v. State, 485 So.2d 827 (Fla. 1986); Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986); Steiner v. State, 469 So.2d 179 (Fla. 3d DCA 1985), rev. denied, 479 So. 118 (Fla. 1985). The remaining reason for departure, lack of truthfulness, is invalid. Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984), aff'd, 488 So.2d 523 (Fla. 1986). Having found all the cited reasons, but one, as clear and convincing reasons for departure, it must be shown by the State beyond a reasonable doubt that the absence of the invalid reason would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). We find that the reasonable doubt standard has been met and therefore affirm.
AFFIRMED.
HERSEY, C.J., and DOWNEY and GUNTHER, JJ., concur.