538 So.2d 151 (1989)
Myrtle Lou Ann DUBRIAN, Appellant,
v.
ALLSTATE INDEMNITY COMPANY, a foreign corporation, Appellee.
No. 88-946.
District Court of Appeal of Florida, Second District.
February 17, 1989.
Stephen H. Haskins, St. Petersburg, for appellant.
Bruce A. Walkley of Walkley, Stuart, Macy & Strickland, Tampa, for appellee.
LEHAN, Acting Chief Judge.
In this suit for declaratory judgment and breach of contract, plaintiff, Myrtle Lou Ann Dubrian, appeals from a summary judgment in favor of defendant, Allstate Indemnity Company. Defendant, plaintiff's automobile insurer, had paid plaintiff $3,130 PIP benefits growing out of an automobile accident in Tennessee in which plaintiff, a Florida resident vacationing in Tennessee, had been injured by a Tennessee resident. The summary judgment ruled that defendant was entitled to a subrogation lien against the $8,750 proceeds of a settlement to which plaintiff was entitled from defendant Allstate Insurance Company as the insurer of the Tennessee tortfeasor. Both parties agree that the propriety of the subrogation lien is governed by Florida law. Plaintiff contends that the trial court erred because section 627.736(3), Florida Statutes (1987), the Florida Motor Vehicle No-Fault Law, precludes such a lien by providing:
No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit.
We agree with plaintiff and reverse.
Defendant argues in effect that that statutory prohibition of a subrogation lien is implicitly qualified by the next following sentence in section 627.736(3) which provides:
An injured party who is entitled to bring suit under the provisions of ss. 627.730-627.7405, ... shall have no right to recover any damages for which personal injury protection benefits are paid or payable.
The argument is to the effect that, in light of that next following sentence, the statutory prohibition of a subrogation lien contemplates, and therefore applies to, only situations in which the injured party would have no right to recover from a third party tortfeasor items of damages for which PIP benefits were payable. Defendant, citing Shelton v. Milam, 492 S.W.2d 917 (Tenn. Ct. App. 1972), argues that in this case the injured party did have a right to recover such items of damages (and the above-referenced settlement proceeds included such items) because Tennessee law under which the $8,750 settlement money was paid to plaintiff, in contrast to the second of the above-quoted sentences from section 627.736(3), permits such a right of recovery. Defendant, citing Tennessee Farmers' Mutual Insurance Co. v. Rader, 219 Tenn. 384, 388, 410 S.W.2d 171, 173 (1966), argues that Tennessee law, correspondingly, would permit a subrogation lien of the type awarded here.
*152 Defendant additionally cites Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla. 1981), for the point that the elimination in the second above-quoted sentence of section 627.736(3) of an injured party's right to recover from the tortfeasor damages for which PIP type benefits are payable is for the purpose of preventing the injured party from receiving double recovery, the injured party having received those benefits from his own insurance carrier. The argument is to the effect that, since that right was not eliminated in this case, allowing the subrogation lien would prevent such double recovery.
While defendant's arguments may have persuasiveness, they are principally aimed at the wisdom of the statutory prohibition rather than legislative intent. See Pfeiffer v. City of Tampa, 470 So.2d 10, 17 (Fla. 2d DCA 1985) (when legislative intent is substantially manifested, "determining the wisdom of a particular legislative enactment is not ... a judicial function."). We express no view as to the wisdom of the lien prohibition which has varying policy ramifications. We are not persuaded that the legislature intended that the statute be construed to mean other than what it plainly says. The wording of the lien prohibition is unqualified. We do not conclude that the legislature intended that attorneys for an injured party negotiating a settlement of the kind involved here should, in determining the settlement amount to be received, perceive that that amount would be subject to reduction by reason of a subrogation lien specifically prohibited by law.
If section 627.736(3) is to mean otherwise, that should be for the legislature to say.
Reversed and remanded for proceedings not inconsistent herewith.
PARKER and ALTENBERND, JJ., concur.