GERSTEN, Judge.
Appellant, Darcy Delorme, appeals his conviction and sentence for second degree murder and aggravated battery. We affirm.
This case involves a particularly brutal murder. The exact details of the murder do not enhance this opinion and are omitted. The day after the victim had been killed, appellant, a purported friend of the victim, allegedly “discovered” her body. Because appellant claimed to have seen her alive the previous evening, the police considered him to be a witness and asked for a statement. Appellant was neither arrested, nor advised of his rights.
While appellant was giving his statement, an officer noticed blood stains on appellant’s clothing, blood under his fingernails, as well' as scratches on his body. Appellant was then advised of his rights and questioned further. Appellant admitted killing the victim. The police then obtained a search warrant for appellant’s residence and discovered bloody clothing belonging to appellant, as well as keys to the victim’s trailer and car.
Appellant contends that: (1) the statements he gave police prior to his being advised of his rights should have been suppressed; (2) his simultaneous conviction for aggravated battery is improper because it *400 arises from the same incident; and, (3) he was improperly sentenced because: (a) excessive force should not have been used as a basis for departing from the sentencing guidelines; and (b) the aggravated battery should not have been added to the total score as a separate conviction, as well as used to reclassify the murder conviction.
Appellee, State, asserts that at the time of the statements at issue, appellant was neither under arrest nor a suspect, and that the statements had been freely and voluntarily given. Further, State contends that appellant’s conviction for aggravated battery was a lesser included offense of a sexual battery which he committed before killing the victim, and therefore proper.
We reject appellant’s first contention that the statements he gave the police should have been suppressed. Voluntariness of a confession need be established only by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). The totality of the circumstances in this case demonstrate that appellant was not in custody at the time he gave the statements he seeks to suppress. Accordingly, we agree with the trial court’s conclusion that appellant’s statements were freely and voluntarily given, and therefore admissible. See Perez v. State, 536 So.2d 359 (Fla. 3d DCA 1988).
We also reject appellant’s second contention that his simultaneous conviction for aggravated battery is improper. The prohibition against multiple convictions arising from the same incident goes to those convictions predicated on one single underlying act, not one transaction. Carawan v. State, 515 So.2d 161 (Fla.1987). Here, the victim suffered serious injuries as a result of the aggravated battery, separate and distinct, both in time and kind, from those injuries later inflicted to cause her death. Accordingly, we find both convictions to be proper.
We find no merit in appellant’s last contention that the sentence imposed was improper. In Lerma v. State, 497 So.2d 736 (Fla.1986), the Florida Supreme Court recognized excessive brutality as the basis to support a departure sentence. Further, in Orange v. State, 535 So.2d 691 (Fla. 3d DCA 1988), this court upheld a departure sentence based on the commission of a second degree murder in a particularly outrageous or brutal manner.
Without detailing the injuries sustained by this victim, suffice it to say that the record is replete with evidence of the excessively brutal manner in which appellant conducted this murder. Indeed, appellant does not even contend that the murder was not brutal. We therefore find no merit in appellant’s contention.
Section 775.087, Florida Statutes (1989), provides, inter alia, for reclassification of a first degree felony to a life felony where, during the course of the commission of the felony, the defendant also commits an aggravated battery. Nothing in the statute or case law suggests that such reclassification is to be in lieu of, or precluding, the inclusion of the simultaneous conviction within the sentencing score-sheet. See e.g. McNair v. State, 540 So.2d 896 (Fla. 1st DCA 1989).
Accordingly, we affirm appellant’s convictions and sentences in all respects.
Affirmed.