567 So.2d 493 (1990)
Paul HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02564.
District Court of Appeal of Florida, First District.
September 18, 1990.
Rehearing Denied October 26, 1990.
Barbara M. Linthicum, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
*494 BOOTH, Judge.
This cause is before us on appeal from a final judgment of conviction and sentence for aggravated battery. At the sentencing hearing, the court stated:
The Court finds that this is a deviation from the recommended guidelines in this case, and that I am deviating from the recommended guidelines because of the egregious nature of the defendant's conduct in the perpetration of the offense, whereby he used excessive force to mutilate an unconscious victim who was helpless and had been knocked unconscious by the first blow. The Court finds that the evidence indicates that after the ... victim had been knocked unconscious, the defendant continued to inflict bodily harm upon him, resulting in very serious injuries.
In the trial court's written reason for departure, filed two weeks after the sentencing hearing, the trial court further stated:
The Defendant's conduct during the commission of the aggravated battery was particularly egregious in nature. The Defendant and the victim had an argument over a pool game. The victim later entered the men's room, whereupon the Defendant followed him into the men's room and without any warning struck the victim a single blow that knocked the victim unconscious. The Defendant thereafter kicked and punched the unconscious victim in such a manner as to cause severe and massive internal injuries including a severed pancreas, which injuries required approximately nine hours of surgery in order to repair injured internal organs. There is absolutely no evidence or testimony to indicate that the victim provoked or attacked the Defendant in any manner whatsoever, and the evidence is clear that at the time of the attack the Defendant was much larger in stature and weight than the victim.
Appellant has raised three issues on appeal: (1) whether the court erred in failing to contemporaneously produce written reasons for departure; (2) whether the trial court is restricted to resentencing a defendant to a guideline sentence in the absence of contemporaneous written reasons for departure; and (3) whether appellant's "egregious conduct" is a valid reason for departure.
As to the first issue, we hold the trial court did not err in the sentencing procedures used at the time he sentenced appellant. While Ree v. State, 565 So.2d 1329, 1330-32 (Fla. 1990), requires that the written reasons for a departure from sentencing guidelines be produced at the sentencing hearing, the new requirements are only to be applied prospectively. Since appellant's sentence was imposed prior to rendition of Ree, the new requirements are not applicable to this case and do not compel reversal.
Based on this court's finding that the trial court's sentencing procedure was proper, the second issue regarding resentencing does not need to be addressed.
Finally, the egregious nature of appellant's conduct during the perpetration of the offense is a valid basis for departure based on Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988), and Vanover v. State, 498 So.2d 899 (Fla. 1986). This court in Williams v. State, held (531 So.2d at 218):
[E]xcessive use of force will not support departure when the force used resulted in victim injury and the extent of victim injury has been calculated in the guidelines. [citations omitted]
On the other hand, although departure is precluded when predicated on a factor which has been scored, when the facts of the case permit, the trial court may base departure upon the egregious nature of the defendant's conduct in the perpetration of the offense.
Williams held that under the circumstances of the case, where the victim was rendered unconscious by the first blow and the defendant continued to beat him ferociously, the egregious nature of the appellant's conduct was "a clear and convincing reason for departure" and went well beyond the essential element of victim injury in an attempted first-degree murder. Id. The Florida Supreme Court in Vanover v. *495 State, supra, likewise held that in an aggravated battery case, a particular set of circumstances that renders a crime a highly extraordinary and extreme incident of aggravated battery may also provide a clear and convincing basis for departure. In the instant case, appellant's excessively brutal attack on a helpless, unconscious victim constitutes egregious conduct sufficient to establish a clear and convincing reason to depart.
Accordingly, we affirm appellant's conviction and sentence.
SMITH and WENTWORTH, JJ., concur.