581 So.2d 604 (1991)
Eddie D. BLOUNT, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02688.
District Court of Appeal of Florida, Second District.
May 3, 1991.
Rehearing Denied July 10, 1991.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his sentence upon his conviction for attempted first-degree murder and robbery. He contends that the trial court erred in departing from the sentencing guidelines on the basis of a finding of excessive physical trauma suffered by the victim. The basis for his contention is that a codefendant actually inflicted the trauma by shooting the victim. We reverse.
We recognize that, as the trial court found, defendant admitted he had been aware that the codefendant undertook the robbery while armed with the gun. We also recognize that, as the trial court also found, defendant actively participated in the robbery and took money from the victim immediately after the shooting which occurred in defendant's immediate presence. Thus, the state persuasively argues, defendant was not only properly convicted but was also properly sentenced as though the victim had been shot by him. See § 777.011; Sons v. State, 99 So.2d 888, 890 (Fla. 2d DCA 1958) ("[I]t makes no difference which one of the two fired the fatal shot as they were both charged as principals and having been found guilty, appellant is subject to the identical punishment to which he would have been had he personally fired the fatal shot.").
However, section 921.001(7), Florida Statutes (1989), which governs the issue on appeal in this case, provides for a departure sentence in this context only when "the victim suffered excessive physical or emotional trauma at the hands of the defendant." (Emphasis added.) Thus, the legislature has specifically and unambiguously limited the grounds used by the trial court for the departure sentence in this case to circumstances in which the *605 defendant himself personally inflicted the trauma. Whether the legislature was wise to do so and in effect to disagree in that regard with Sons is not the point. Our "construction of statutes need not produce what the court might perceive to be a wise result in order to constitute a rational interpretation of legislative intent." Pfeiffer v. City of Tampa, 470 So.2d 10, 17 (Fla. 2d DCA 1985). See also Moretrench American Corp. v. Taylor Woodrow Construction Corp., 565 So.2d 861 (Fla. 2d DCA 1990); Dubrian v. Allstate Indemnity Co., 538 So.2d 151, 152 (Fla. 2d DCA 1989); Nationwide Property & Casualty Insurance Co. v. Marchesano, 482 So.2d 422, 426 n. 2 (Fla. 2d DCA 1986). As Moretrench says,
It is neither the function nor prerogative of the courts to speculate on constructions more or less reasonable, when the language itself conveys an unequivocal meaning. Heredia v. Allstate Insurance Co., 358 So.2d 1353, 1355 (Fla. 1978), as quoted in City of St. Petersburg v. Clark, 492 So.2d 685 (Fla. 2d DCA 1986).
565 So.2d at 862.
Furthermore, "[o]ne of the most fundamental principles of Florida law is that penal statutes must be strictly construed according to their letter... . Words and meanings beyond the literal language may not be entertained... ." Perkins v. State, 576 So.2d 1310 (Fla. 1991).
Cf. Earnest v. State, 351 So.2d 957 (Fla. 1977); State v. Rodriguez (Fla. 3d DCA 1991) (a defendant's sentence may not be enhanced for the display or use of a firearm during the commission of a crime when defendant did not personally possess the firearm).
Reversed and remanded for resentencing within the guidelines recommended range.
CAMPBELL, A.C.J., and PARKER, J., concur.