DANAHY, Acting Chief Judge.
The appellant challenges his convictions and sentences for attempted first degree murder with a firearm and robbery with a firearm. We affirm the convictions but reverse the departure sentences and remand for resentencing within the sentencing guidelines.
The appellant was charged with aiding and abetting two codefendants, Blount and Robinson, in a convenience store robbery by supplying the gun and driving the getaway car. Blount and Robinson entered the convenience store, but the appellant did not. During the robbery, the appellant’s codefendant Robinson shot the victim.
The trial court found excessive physical trauma pursuant to section 921.001(7), Florida Statutes (1989), and departed from the guidelines on that basis, stating its reasons in writing. Our disposition on this point is governed by our opinion in the appeal of the appellant’s codefendant Blount. Blount v. State, 581 So.2d 604 (Fla. 2d DCA 1991). In Blount this court found that the specific and unambiguous lan *384 guage of section 921.001(7) limits its application to circumstances in which the defendant himself personally inflicted the trauma. Since it was Robinson and not Blount who shot the victim, we held in Blount that Blount’s departure sentence under section 921.001(7) was improper. The appellant is in the same position as Blount and the appellant’s departure sentences under the statute are also improper.
Reversed and remanded for resentencing within the sentencing guidelines.
THREADGILL, J., and CASE, JAMES R., Associate Judge, concur.