DIAMANTIS, Judge.
Appellant Joseph Glenn Dixon appeals his sentence, challenging the propriety of an order of restitution entered pursuant to a negotiated plea of nolo contendere to the charges of grand theft and violation of probation. We affirm.
*607 At the restitution hearing appellant admitted that he entered an open garage of a dwelling and appropriated stereo equipment, a rifle, and an alpine alarm. The rifle and alarm were later recovered. An insurance claims representative testified as to the value of the stereo equipment based upon its replacement cost because the insurance policy provided coverage based upon replacement cost. The trial court ordered appellant to pay restitution based upon the replacement cost, not the fair market value, of the stereo equipment. Appellant argues that this was error because the equipment was at least two years old.[1] This argument lacks merit.
Section 775.089(1)(a), (6), Florida Statutes (1991) provides in pertinent part:
(l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense....
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense ... and any other factors which it deems appropriate.
The supreme court has ruled that the fair market value of property at the time of the offense is not the only permissible basis for determining the amount of loss to be included in a restitution order. Rather, the trial court must exercise discretion in determining the amount of restitution and, in doing so, the trial court may consider any factors which it deems appropriate. State v. Hawthorne, 573 So.2d 330, 333 (Fla.1991). In Hawthorne, the court recognized that in most cases the victim’s loss and the fair market value of the property at the time of the offense will be the same; however, the court stated that it could “foresee instances where the market value of the property would not adequately reflect the victim’s loss....” Id., at 333.
In the instant case, the victim for purposes of restitution is the insurer, except for the applicable deductible which the insurer in this case has agreed to recover on behalf of the insured. See L.S. v. State, 593 So.2d 296, 297 (Fla. 5th DCA 1992). Because the insurance policy involved in this matter provides coverage based upon replacement cost, we cannot say that the trial court abused its discretion in concluding that the loss caused by the appellant’s act was the replacement cost of the stolen items. Accordingly, we affirm the trial court’s restitution order.
AFFIRMED.
GOSHORN, C.J., and COBB, J., concur.

. Appellant also claims that the restitution order must be reversed because the trial court improperly considered hearsay evidence and because he has been ordered to pay restitution for items he was not charged with stealing. There is no merit to either claim.