LEHAN, Chief Judge.
We affirm the declaratory judgment which ruled that under the Hillsborough County Zoning Regulations a so-called “minor” modification of a Community Unit (CU) District site development plan was properly approved by a three to two majority vote of members of the Board of County Commissioners at a properly constituted meeting of the Commission and did not require for its approval four votes of that seven-member body. There does not appear to be any dispute that the modification at issue was a “minor” modification.
In so ruling the trial court construed the Hillsborough County Zoning Regulations in conjunction with the Charter of Hillsbor-ough County. Under section 4.08 of the charter, the adoption of ordinances, rules and resolutions requires at least four affirmative votes, but motions may be adopted by a majority vote of the members present. Section 4.08 further provides that a majority of the full commission constitutes a quorum.
The trial court determined that the requirement in section 22G.5 and 221.2 of the regulations that a “major” modification to such a site development plan be by resolution, which under the charter requires approval by four votes, supports the construction that a minor such modification, for which only “approval” of the board is called for by section 221.2 of the regulations, does not require more than a simple majority vote. We agree. This construe *1288 tion follows from the established statutory construction principle, expressio unius est exclusio alterius. Under that principle “the mention of one thing implies the exclusion of another.” Thayer v. State, 335 So.2d 815, 817 (Fla.1976). “Hence, where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned.” Id. See also 49 Fla. Jur.2d Statutes § 126 (1984). Applying this principle to this case, the expressed enumeration of the requirement that a major modification must be supported by a resolution, which must have an extraordinary four-vote majority, indicates that a minor modification, which must only be supported by “approval,” does not so require.
This construction is reinforced by another principle, that which calls for construing related statutes in pari materia. Under this principle, statutes pertaining to the same type of subject “should be construed together and compared with each other.” 49 Fla. Jur.2d Statutes § 175 (1984). That is, “[t]o the extent that an understanding of one may aid in the interpretation of the other, they should be read and considered together.” Id. Applying this principle to this case, a comparison of the requirement specified .for an extraordinary four-vote majority for a major modification with no such requirement specified for a minor modification indicates that there is to be no such requirement for a minor modification.
Appellant essentially argues that a requirement of a four-vote majority under the circumstances of this case would be rational and sensible because otherwise a modified plan different from that which had been required by a four-vote majority could be adopted by only a three-vote majority. However, whatever view we might take in that regard, “[a] court’s employment of perceived rationality and sensibleness as a guide to ascertaining legislative intent ... is in contrast to a situation where there is a clear manifestation of legislative intent which may not lead to what a court perceives to be a wise result.” Nationwide Property & Casualty Ins. Co. v. Marchesano, 482 So.2d 422, 426 n. 2 (Fla. 2d DCA1985), approved, 506 So.2d 410 (Fla.1987). See also Blount v. State, 581 So.2d 604 (Fla. 2d DCA 1991); Moretrenck American Corp. v. Taylor Woodrow Construction Corp., 565 So.2d 861 (Fla. 2d DCA 1990); Dubrian v. Allstate Indemnity Co., 538 So.2d 151, 152 (Fla. 2d DCA 1989); Pfeiffer v. City of Tampa, 470 So.2d 10, 17 (Fla. 2d DCA), review denied, 478 So.2d 53 (Fla.1985). In this case application of the foregoing principles of statutory construction produces, we conclude, as did the trial court, a clear manifestation of legislative intent regarding a minor site plan modification.
Affirmed.
PATTERSON and ALTENBERND, JJ., concur.