624 So.2d 392 (1993)
Susan WAYCHOFF, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02736.
District Court of Appeal of Florida, Second District.
September 22, 1993.
*393 James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Susan Waychoff appeals her sentences for attempted second-degree murder, aggravated battery, and armed burglary of a dwelling. She contends that the trial court incorrectly scored points for victim injury and departed from the sentencing guidelines for impermissible reasons. We approve the scoring of points for victim injury, but reverse the departure sentences and remand for resentencing within the guidelines.
On April 29, 1991, Ms. Waychoff pleaded guilty to one count of attempted second-degree murder (count I), aggravated battery, and armed burglary of a dwelling. Count II, another attempted second-degree murder charge, was nolle prossed. There was no agreement as to the length of her sentences.
Prior to sentencing, defense counsel reviewed the state's sentencing memorandum and did not object to or otherwise contest the facts as stated in that memorandum, and which we summarize below:
The main victim, Corchado, and Waychoff were neighbors in a trailer park. On occasion Corchado would baby-sit Waychoff's children. One evening Waychoff left her daughter with Corchado and did not return all night. Corchado remained outside his trailer all night waiting for Waychoff's return.
Waychoff was the subject of complaints to HRS for her general lack of supervision of her children. Pursuant to an HRS investigation, the incident where her daughter was left with Corchado all night was mentioned to Waychoff. John Holcomb, Waychoff's boyfriend, was present when the subject was mentioned.
Waychoff responded that Corchado raped her. She made this allegation in the presence of both Holcomb and her nine-year-old *394 daughter. Waychoff had never previously reported to any law enforcement agency that Corchado had raped her and as yet has never filed a formal report. The HRS investigator did not believe that her allegations were truthful, but thought that they were made in retaliation for the neglect complaint.
On December 8, 1990, Susan Waychoff, Holcomb, Billy Heath, and Merle Smith left a bar accompanied by Nona McNutt, and went in Smith's truck to the trailer park where Corchado lived. Heath drove. Smith and Holcomb went into Corchado's trailer armed with metal bats. The others remained in the car. McNutt heard the sounds of fighting coming from the trailer.
When Smith and Holcomb returned, they all went back to Holcomb's trailer. Waychoff stated that there must be some money, so they all went back to the trailer park to look for money in the trailer. Heath again drove the truck, but this time instead of parking in the trailer park, he parked behind it. Smith and Holcomb again went into Corchado's trailer. They were gone for about half an hour. When they returned, they reported that there were now two people in the trailer, and that they did not find any money. Everyone then returned to Holcomb's trailer.
Waychoff, Holcomb, and Heath then left to go to the victim's trailer for a third time, purportedly to get Waychoff an apology from Corchado. McNutt and Smith stayed at Holcomb's trailer.
William Dale Roy, a neighbor of Corchado, was wakened about 4 a.m. by the sounds of crashing and yelling coming from Corchado's trailer. He called 911, and then went to Corchado's trailer. When he opened the door to the trailer, he saw Holcomb, Waychoff, and Heath inside. Heath and Holcomb had metal bats. Roy was chased from the trailer and was hit in the kidneys and back, the ribs and face. The blows to him fractured two ribs and broke two of his teeth. During the attack on Roy, Susan Waychoff slapped him repeatedly. Waychoff, Holcomb, and Heath returned to their trailer park and washed the bats.
When the sheriff's deputies arrived, they found Corchado and Ronnie Newman unconscious in the trailer. There was blood and blood splatter throughout the trailer. These men were immediately transported to Tampa General Hospital where they were treated. Newman sustained fractured ribs, multiple lacerations to his face, and has brain damage as a result of the attacks. Corchado suffered massive head injuries and both of his arms and legs were broken.
The trial court sentenced Ms. Waychoff to 15 years' imprisonment on attempted second-degree murder; 10 years' consecutive imprisonment on aggravated battery; and 20 years' consecutive probation on armed burglary of a dwelling. Ms. Waychoff's recommended sentence under the guidelines was 7 to 12 years' imprisonment, with a permitted range of 3 to 17 years. The trial court provided the following written reasons for departure:
1. Egregious nature of Ms. Waychoff's conduct during the perpetration of the offense, to-wit: she caused the senseless beating of the victim by the codefendants with no pretense of moral or legal justification. Simmons v. State, 570 So.2d 1383 (Fla. 5th DCA 1990); Henderson v. State, 567 So.2d 493 (Fla. 1st DCA 1990).
2. The excessively brutal manner in which the crime was committed; at the urging of the defendant Waychoff[,] the victim was excessively battered by codefendants with baseball bats. F.S. 921.001(7); Delorme v. State, 562 So.2d 398 (Fla. 3d DCA 1990).
3. Excessive use of force. Green v. State, 571 So.2d 571 (Fla. 3d DCA 1990). The victim suffered memory loss, two broken legs and two broken arms as a direct result of the senseless beating.
We affirm the scoring of victim injury as "severe," rather than "moderate." The record indicates that the victims sustained severe facial and head injuries. See Hall v. State, 598 So.2d 230 (Fla. 2d DCA 1992). Additionally, Ms. Waychoff failed to object at sentencing to such scoring, and any error in this regard is not apparent from the face of the record. See Forehand v. State, 537 So.2d 103 (Fla. 1989).
None of the trial court's reasons for departure, however, is valid. Excessive use *395 of force, in contrast to excessive brutality, is an invalid reason where, as here, it has been factored in the guidelines by scoring points for victim injury. State v. McCall, 524 So.2d 663, 664 (Fla. 1988).
The trial court's remaining reasons for departure are not supported by a preponderance of the evidence. Specifically, there is insufficient evidence to support that the egregious nature and the excessive brutality of the beatings were caused by or at the behest of Ms. Waychoff. See Dumas v. State, 592 So.2d 383 (Fla. 2d DCA 1992); Blount v. State, 581 So.2d 604 (Fla. 2d DCA 1991). See also Marshall v. State, 600 So.2d 474 (Fla. 3d DCA 1992) (departure based upon extraordinary or egregious harm reversed where another perpetrator struck the victim, not the defendants); Chenard v. State, 510 So.2d 363 (Fla. 3d DCA 1987) (departure based upon unfactored pattern of violence invalid where codefendant, not Chenard, was solely responsible for assault). The only "evidence" supporting these reasons for departure consists of representations made by the state at the sentencing hearing, which representations defense counsel disputed. The preponderance of the evidence, particularly the facts contained in the state's sentencing memorandum, supports that all defendants got drunk and went to the victim's trailer where two or three male defendants beat the victims with baseball bats. The state did not prove that these attacks were done at the request or direction of Ms. Waychoff. The only evidence of Ms. Waychoff's participation was that she may have slapped Mr. Roy or hit him with her fists. There is nothing in the record revealing that this conduct caused excessive brutality to the victim. Accordingly, we reverse Ms. Waychoff's sentences and remand for resentencing within the guidelines.
Affirmed in part, reversed in part, and remanded for resentencing.
FRANK, C.J., and CAMPBELL, J., concur.