698 So.2d 900 (1997)
Donald SEMENEC, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2118.
District Court of Appeal of Florida, Fourth District.
September 3, 1997.
Lewis A. Fishman, Plantation, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant *901 Attorney General, West Palm Beach, for appellee.
DELL, Judge.
Donald Semenec appeals his second degree murder conviction and life sentence for the murder of Bobby Kent.[1] Appellant contends that the trial court failed to properly respond to a jury question during deliberations and that the trial court erred when it departed from sentencing guidelines based on excessive brutality and breach of trust. We affirm.
During deliberations, the jury asked for an explanation of the third element of murder in the first and second degrees. The jury then inquired, "Do these statements need to pertain specifically to Alice Willis and/or Donald Semenec or to the agency?" After conferring with counsel, the court reinstructed the jury on first and second degree murder, and over defense objection, reread the principals instruction.
Appellant argues that by rereading the instruction on principals, the trial court highlighted and improperly advanced the State's case. In Engle v. State, 438 So.2d 803, 810-11 (Fla.1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984), the Supreme Court dealt with a similar jury question in a trial involving co-defendants. During deliberations, the jury asked "whether in order to justify a first degree murder conviction the jury had to be convinced that the defendant killed the victim." Id. at 809. The court responded with an instruction on first and second degree murder and the law of principals.
The appellant in Engle argued that the trial court should have instructed the jury on lesser-included offenses. Id. at 809-10. The Supreme Court disagreed and concluded that the reinstruction was proper. The Court stated:
The judge here, evidently because the jury was confused regarding the degrees of murder and how active a role is required in order to be held liable therefor, provided reinstructions on first and second-degree murder and on the law of principals. We are of the opinion that the repeated charges were "complete on the subject involved."
Id. (quoting Hedges v. State, 172 So.2d 824 (Fla.1965)).
In the case at bar, as in Engle, the jury's question related to the elements of the two degrees of murder and how liability attached to the co-defendants. We hold that the rereading of the principals instruction provided the jury with a complete answer to its question.
Appellant next argues that the trial court erred in departing from the sentencing guidelines based on excessive brutality because he only inflicted superficial stab wounds to the victim. The day before the murder, appellant and the other persons charged in this crime collected weapons and made plans deciding how they would commit the murder. They discussed who would inflict the first injury, and appellant said he would stab Kent first. After Kaufman and Puccio questioned whether he could stab Kent, he reassured them that he would.
The next night, appellant, Willis, and Swallers drove with the victim and helped lure him to the scene of the murder under the pretense of a car race. Appellant initiated the chain of events culminating in Kent's death by first stabbing him from behind in the neck. After appellant stabbed Kent, Puccio stabbed him in the stomach. Kent ran from the attackers and pled for his life. Appellant, Puccio, and Kaufman chased and caught him. Puccio and Kaufman then inflicted more wounds on Kent while appellant joined with others co-defendants and circled around him. Expert testimony shows that Kent had five stab wounds on the back of his body, two throat wounds, a seven-inch stab wound through the heart and lung, an abdominal wound, vertebrae fractures, and defensive wounds.
Trial courts may depart from the sentencing guidelines "based upon circumstances or factors which reasonably justify *902 the aggravation or mitigation of the sentence in accordance with section 921.0016." § 921.001(6), Fla. Stat. (1993). Such aggravating circumstances occur when an offense is committed in an especially heinous, atrocious, or cruel manner, or when the victim suffers extraordinary physical or emotional trauma or permanent injury, or was treated with particular cruelty. §§ 921.0016(3)(b) & (l), Fla. Stat.(1993). Excessive brutality must be determined on a case by case basis. See Bellamy v. State, 677 So.2d 390 (Fla. 2d DCA 1996)(reversing a departure sentence); Douglas v. State, 652 So.2d 887 (Fla. 4th DCA)(upholding a departure sentence), rev. denied, 661 So.2d 823 (Fla.1995); Harris v. State, 650 So.2d 639 (Fla. 4th DCA), rev. granted, 658 So.2d 990 (Fla.1995)(approving a departure sentence), approved, 674 So.2d 110 (Fla.1996).
Appellant relies on Waychoff v. State, 624 So.2d 392 (Fla. 2d DCA 1993), and argues that a defendant's sentence may not be enhanced based on violence committed by others. In Waychoff, the Second District reversed a departure sentence based on the brutality of the killing because the brutality was not at the hands of appellant. Id. The court stated that the "only evidence of [appellant's] participation was that she may have slapped [the victim] or hit him with her fists. There is nothing in the record revealing that this conduct caused excessive brutality to the victim." Id. at 395.
Here, appellant helped plan the murder, participated in collecting weapons, and helped lure Kent to the scene of the crime. He stabbed Kent first, knowing that this act would trigger the acts ultimately resulting in Bobby Kent's death. He chased Kent, crouched over him as he lay on the ground, and stood with others circling Kent while the co-defendants inflicted additional wounds. We reject appellant's argument that he only inflicted minor wounds on Bobby Kent. We affirm the departure sentence because the record shows that appellant actively participated in all phases of this heinous and excessively brutal murder.
The record does not contain evidence that appellant occupied a position of trust with Bobby Kent that facilitated the commission of the crime. See Davis v. State, 517 So.2d 670 (Fla.1987). Therefore, breach of trust is an invalid reason for departure in this case. See Hankey v. State, 485 So.2d 827 (Fla.1986); Grant v. State, 510 So.2d 313 (Fla. 4th DCA 1987).
Accordingly, we affirm the trial court's departure from the sentencing guidelines based on the excessive brutality inflicted on Bobby Kent during the murder. See§ 921.001(6), Fla. Stat.
AFFIRMED.
STEVENSON, J., and COSTELLO, DEDEE S., Associate Judge, concur.
NOTES
[1] Heather Swallers, Lisa Connelly, Derek Kaufman, Derek Dzvirko, and Martin Puccio were also charged in the death of Bobby Kent. Appellant and Alice Willis were co-defendants.