704 So.2d 590 (1997)
Lisa CONNELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2979.
District Court of Appeal of Florida, Fourth District.
September 3, 1997.
Rehearing, Rehearing and Certification Denied December 4, 1997.
*591 Kayo E. Morgan of Kayo E. Morgan, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing, Rehearing En Banc and Certification Denied December 4, 1997.
COSTELLO, DEDEE S., Associate Judge.
Appellant, Lisa Connelly, was tried by jury and convicted of second degree murder and conspiracy to commit murder in the second degree. We affirm the conviction, but reverse the departure sentences. We find error in the upward departure sentence imposed by the trial judge and reverse and remand for resentencing within the guidelines.
The trial judge prepared a detailed sentencing order delineating the underlying facts of this case and the reasons for the upward departure from the presumptive sentencing guidelines sentence. If one of the grounds for departure from the guidelines is sufficient to support the upward departure, then we must affirm. See § 921.001(6), Fla. Stat. (1993).
First, the trial court found violation of trust as a clear and convincing reason to justify an upward departure. In Davis v. State, 517 So.2d 670, 674 (Fla.1987), the Florida Supreme Court found that if there was no particular trust that the victim bestowed on the defendant that formed the foundation for the crime, the crime was not directly related to that trust. There was no betrayed trust relationship between Appellant and the victim, Bobby Kent. Kent was lured to the scene of his death by Alice Willis, one of Appellant's co-defendants.
Second, the trial court found that Appellant's efforts to cover up the commission of the murder justified departure. However, a defendant's efforts to cover up a crime will not justify a departure from the sentencing guidelines. See Smith v. State, 620 So.2d 187 (Fla.1993).
Third, the trial court found that the excessive brutality of the crime justified departure. The main question here is whether the excessive brutality of the co-defendants can be imputed to Appellant. We cannot find that the acts of a co-defendant justify the enhancement of the presumptive sentence unless the egregious nature of the crime and the excessive brutality "were caused by or at the behest of [Appellant]." See Waychoff v. State, 624 So.2d 392 (Fla. 2d DCA 1993). Had Appellant procured the actions of the co-defendants, and had she suggested that they act with brutality beyond the norm, then there might be justification for the upward departure. Here, Appellant was passive, made no physical attack upon the victim, and did not direct the manner by which he was killed.
The philosophy behind the sentencing guidelines requires individualized consideration. The guidelines consider the offense *592 and the prior record of each defendant and allow limited circumstances for the trial judge to deviate from those guidelines. Although it is clear that under the law of principals, the actions of one co-defendant may be used for a conviction, the excessive brutality committed by co-defendants and the violation of the victim's trust are not grounds to deviate from the sentencing guidelines.
Accordingly, we affirm the convictions, but reverse the departure sentences and remand for sentencing within the guidelines.
DELL and STEVENSON, JJ., concur.