COBB, Judge.
The issue here is whether the trial court erred in imposing an upward departure sentence on the appellant Scott Mundhenk because he “used a position of trust to gain information used in the burglary” of a home where his mother was employed as a housekeeper. A breach of trust is indicated when there is evidence a defendant occupied a position of trust with victims that facilitates the commission of a crime. Semenec v. State, 698 So.2d 900 (Fla. 4th DCA 1997).
There was evidence below that Mun-dhenk had worked with his mother at the victims’ home performing various housekeeping duties, and, as a result, discovered the location of a house key. The victims were aware that Mundhenk had worked in then-home and knew about the spare key, but they did not move it. This was sufficient to support the departure sentence and distinguish the instant facts from those in Widner v. State, 520 So.2d 676 (Fla. 1st DCA 1988), the case primarily relied upon by the appellant.
We find that Mundhenk’s argument that the trial court erred in its restitution order was not preserved by timely objection below. See Bayer v. State, 597 So.2d 870 (Fla. 5th DCA 1992). Even had such an objection been made, we would affirm on authority of Dixon v. State, 601 So.2d 606 (Fla. 5th DCA 1992).
AFFIRMED.
ANTOON, J., concurs.
GRIFFIN, C.J., concurs specially, with opinion.