FLETCHER, Judge.
Bob Menard [defendant], convicted as a principal on several charges arising from the armed invasion of a ship on the Miami River, appeals an upward departure sentence. For the reasons which follow, we reverse and remand the case for resen-tencing.
On January, 24, 1998 at around 1:30 a.m., several intruders, including the defendant, boarded the ship “Miss Shande-line” docked on the Miami River. The crew was awakened by the intruders, some of whom were waving guns and asking for the location of drugs. Several members of the ship’s crew were beaten, blindfolded and tied up. A police S.W.A.T. team arrived during the commission of the crime, rounding up the perpetrators. The defendant was found hiding under a mattress in one of the cabins. No weapons were found in his possession.
At trial, the defendant was not identified as one of the men who carried a gun or who beat up the crew members. A co- *1096 defendant, who acted as a lookout, testified that the defendant was present at a meeting where the invasion had been planned, but was. merely given the assignment of searching the ship for drugs. At the conclusion of the trial, the jury returned verdicts of guilty on one count of burglary without an assault or battery and without a firearm, two counts of simple battery, two counts of false imprisonment without a firearm, and returned a verdict of not guilty of armed robbery.
The defendant’s sentencing guidelines scoresheet recommended a sentence of between 4.96 to 8.27 years. The trial judge, however, found that an upward departure was justified based on three reasons: 1) the manner in which the victims were treated, 2) the severe mental injury , to one of the crew members, and 3) the fact that the physical injuries were not inherent in the crimes. As a result, the defendant was sentenced to a total of seventeen years in prison.
As the defendant correctly points out, the conduct of his co-defendants cannot be used to justify an upward departure where there is no evidence that the defendant contributed to or participated in the enhancing conduct. See, e.g., Messer v. State, 757 So.2d 526 (Fla. 4th DCA 2000); Connelly v. State, 704 So.2d 590 (Fla. 4th DCA 1997); Waychoff v. State, 624 So.2d 392 (Fla. 2d DCA 1993); Marshall v. State, 600 So.2d 474 (Fla. 3d DCA 1992); Widner v. State, 520 So.2d 676 (Fla. 1st DCA 1988); compare Semenec v. State, 698 So.2d 900 (Fla. 4th DCA 1997). As the Connelly court instructs:
“The philosophy behind the sentencing guidelines requires individualized consideration. The guidelines consider the offense and the prior record of each defendant and allow limited circumstances for the trial judge to deviate from those guidelines. Although it is clear that under the law of principals, the .actions of one co-defendant may be used for a conviction, the excessive brutality committed by co-defendants ... are not grounds to deviate from the sentencing guidelines.”
704 So.2d at 591-592. Here, there was no evidence linking the defendant to the excessive injuries inflicted on the victims. The evidence shows that the defendant was a minor participant in the invasion. He did not carry a weapon and his role was limited to searching the ship.
Accordingly, we reverse the departure sentences and rémand for sentencing within the guidelines.